UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK McCALLUM,

       Petitioner,                                   Case No. 16-cv-13125
                                                        Hon. Matthew F. Leitman

v.

JOSEPH BARRETT,

       Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Mark McCallum is a state prisoner in the custody of the Michigan Department of Corrections. A jury in the Mason County Circuit Court convicted McCallum of two counts of parental kidnapping, MICH. COMP. LAWS § 750.350a(1). The state trial judge sentenced McCallum to concurrent terms of 28 months to 15 years' imprisonment.

On August 29, 2016, McCallum filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) McCallum raises two claims in his petition: (1) there was insufficient evidence presented at trial to disprove his defense that he took the children to prevent their mother from abusing them, and (2)

he was denied his right to counsel when the state trial court failed to conduct a new waiver-of-counsel hearing at the beginning of each day of trial. (*See id.*)

The Court has reviewed McCallum's claims and concludes that they are without merit. Therefore, the Court **DENIES** McCallum's petition. The Court further **DENIES** McCallum a certificate of appealability and **DENIES** him permission to appeal *in forma pauperis*.[1]

# I

The charges against McCallum arose from allegations that he fled from Michigan with his two minor children to Key West, Florida in violation of a court order granting physical custody to the children's mother.

At a pre-trial hearing held on December 11, 2012, McCallum requested that he be permitted to proceed without an attorney. After an extensive colloquy, the state trial court allowed McCallum to waive his right to counsel. The court also appointed McCallum standby counsel. (*See* ECF #11-4 at Pg. ID 128-56.)

---

[1] Respondent argues that the Court should decline to review McCallum's habeas claims under the concurrent sentence doctrine because McCallum is serving longer concurrent sentences for his separate convictions of two counts of embezzlement. "The concurrent sentencing doctrine is a discretionary one, and courts 'are admittedly hesitant to apply [it].'" *Groves v. Meko*, 516 Fed. App'x 507, 508 (6th Cir. 2013) (quoting *Dale v. Haeberlin*, 878 F.2d 930, 935 n. 3 (6th Cir. 1989)). The Court declines to apply the concurrent sentence doctrine in this case because the claims are easily resolved against McCallum on their merits.

At the next pre-trial proceeding, the state trial court reminded McCallum of his right to counsel, but McCallum again expressed his desire to continue to represent himself. (*See* ECF #11-5 at Pg. ID 175.) Finally, at the beginning of the first day of trial, the trial court for a third time informed McCallum of his right to counsel, and it warned him of the dangers of self-representation. (*See* ECF #11-6 at Pg. ID 249-62.) McCallum again indicated his choice to represent himself. (*See id.*)

At trial, McCallum's ex-wife, Sharon Kludy, testified that she filed for divorce from McCallum in the Fall of 2011. Despite a custody order entered in her divorce case requiring McCallum to return their children to her on February 9, 2012, McCallum failed to do so. Kludy said that she contacted the police, and a few days later, she was informed that the children were located by the authorities in Florida. (*See* ECF #11-6 at Pg. ID 480-515.)

Kludy acknowledged during her testimony that she was the subject of several child protective services investigations regarding alleged abuse of the children. (*See id.* at Pg. ID 516-51.) But she repeatedly denied that she had neglected or abused her children. (*See*, *e.g.*, ECF #11-9 at Pg. ID 1043, 1060.)

Child Protective Services worker Anna Appledorn testified that she investigated certain bruises on the left leg and buttocks of McCallum's son, and she concluded that there was insufficient evidence to substantiate the allegation that Kludy caused those bruises. (*See* ECF #11-7 at Pg. ID 657-77.) Appledorn further

3

testified that she had "no concerns" about Kludy's fitness as a parent, whom she described as "mild mannered." (*Id.* at Pg. ID 675.) Photographs of the bruises were sent to a hospital for evaluation, and the hospital determined that the marks on the leg were likely not caused by physical abuse but by a fixed surface. (*See id.* at Pg. ID 138-39.) Appledorn and a police officer then went to Kludy's home and identified a sliding glass door as the likely source of the injuries. (*See id.* at Pg. ID 663-67.)

In his defense, McCallum offered evidence that he recorded a conversation between himself and Kludy where he asked Kludy to promise that she would not harm the children, and Kludy replied "okay." (*See* ECF #11-9 at Pg. ID 1055.) Kludy explained her response as follows:

> You were in tears when you called me. And you said, "I want you to just have custody of the kids because I don't even want visitation anymore. But please just promise me that you won't harm Douglas again." And I said "okay" to spare your feelings, to make peace, to try to get done with that conversation. I wondered what you were talking about after I hung up the phone.

(*Id.*)

The jury found McCallum guilty of the charged offenses. Following his conviction and sentence, McCallum filed a claim of appeal in the Michigan Court of Appeals. His appointed appellate counsel filed a brief on appeal raising the following two claims:

4

> I. The defendant's convictions must be reversed where he demonstrated by a preponderance of the evidence that he took his children for the purpose of protecting them from an immediate and actual threat of abuse at the hands of their mother.
>
> II. The defendant was denied his constitutional right to counsel at critical stages of the prosecution where there was no valid waiver of said counsel.

The Michigan Court of Appeals affirmed McCallum's conviction in an unpublished opinion. *See People v. McCallum*, 2014 WL 5793993 (Mich. Ct. App. Nov. 6, 2014). McCallum then filed an application for leave to appeal in the Michigan Supreme Court, raising the same two claims he presented to the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *See People v. McCallum*, 498 N.W.2d 871 (Mich. 2015) (table).

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's

determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

### III

### A

McCallum first asserts that there was insufficient evidence presented at trial to disprove his affirmative defense that he was protecting his children from abuse. Under Michigan law, "it is a complete defense [to the crime of parental kidnapping] if a parent proves that his or her actions were taken for the purpose of protecting the child from an immediate and actual threat of physical or mental harm, abuse, or neglect." MICH. COMP. LAWS § 750.350a(7).

The Michigan Court of Appeals considered this claim on direct appeal and rejected it:

> Defendant made several abuse allegations against Kludy in the months leading up to the charged acts. Child Protective Services (CPS) and the Michigan State Police investigated the allegations and found each to be unsubstantiated. Several witnesses testified that there was no evidence the children were abused, and Kludy repeatedly denied abusing the children. While defendant alludes to an alleged audio recording in which Kludy supposedly admits to abusing the children, no recording was produced at trial. Kludy also testified that in any such conversation, she merely placated defendant because she was overwrought.
>
> Although defendant prefers a different interpretation of the evidence, that is not a basis for reversal. It is apparent from the verdict that the jury rejected defendant's theory of

> abuse, and we accord deference to that determination. *Unger*, 278 Mich. App. at 228-229. The evidence was sufficient to convict defendant.

*McCallum*, 2014 WL 5793993 at *2.

This Michigan Court of Appeals' determination was not unreasonable. The allegation that Kludy abused her children was disputed at trial. McCallum and several witnesses testified to seeing bruises on Kludy's son and hearing Kludy promise not to abuse the children. On the other hand, Kludy explained that she never abused her children, and any statements to the contrary were made to appease McCallum. Moreover, authorities that investigated the allegations of abuse found insufficient evidence to pursue the matter. The Michigan Court of Appeals' conclusion that there was sufficient evidence for the jury to conclude that McCallum did not violate the custody order in order to protect his children from abuse was not unreasonable. McCallum's first habeas claim therefore fails.

**B**

McCallum next argues that the state trial court deprived him of his right to counsel by allowing him to represent himself in the absence of a valid waiver of counsel. Notably, McCallum does not contend that his initial waiver of his right to counsel failed to satisfy the test for waiver applied by the Supreme Court in *Faretta v. California*, 422 U.S. 806 (1975). Instead, McCallum complains that the state trial court did not comply with Michigan Court Rule 6.005(E), which requires a court to

7

re-confirm a defendant's initial waiver at "each subsequent proceeding." McCallum says that the state court violated the state rule by failing to re-confirm his waiver at each proceeding after the one at which he first waived his right to counsel.

McCallum's claim that the state trial court violated Michigan Court Rule 6.005 is not cognizable on federal habeas review. Indeed, this Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Accordingly, McCallum is not entitled to habeas relief on his waiver of counsel claim.

**IV**

In order to appeal the Court's decision, McCallum must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that McCallum has failed to demonstrate entitlement to habeas relief with respect to either of his claims because they are devoid of merit. Therefore, a certificate of appealability will be denied.

The Court will also deny McCallum permission to appeal *in forma pauperis* because any appeal of this decision could not be taken in good faith. *See 8* U.S.C. § 1915(a)(3).

## V

Accordingly, for the reasons stated above, the Court 1) **DENIES WITH PREJUDICE** McCallum's petition for a writ of habeas corpus (ECF #1), 2) **DENIES** McCallum a certificate of appealability, and 3) **DENIES** McCallum permission to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9763